1 | Timothy Devlin (*pro hac vice*)
tdevlin@devlinlawfirm.com
2 | Robert Kiddie(*pro hac vice*)
rkiddie@devlinlawfirm.com
3 | 1306 N Broom Street, Suite 1
Wilmington, DE 19806
4 | Devlin Law Firm LLC
Telephone: (302) 449-9010
5 | Facsimile: (302) 353-4251

6 |
7 | Seth Wesley Wiener
sethwiener@yahoo.com
8 | Law Offices of Seth W. Wiener
609 Karina Court
9 | San Ramon, CA 94582
Telephone: (925) 487-5607

10 |
11 | Counsel for Plaintiff
Hybrid Audio, LLC

12 |
13 | Vinay V. Joshi (Calif. Bar No. 213487)
vjoshi@thepatentattorneys.com
14 | Anthony S. Kim (Calif. Bar No. 225703)
akim@thepatentattorneys.com
15 | Amin Turocy & Watson LLP
160 West Santa Clara Street
16 | Suite 975
San Jose CA 95113
17 | Telephone: (650) 618-6481
Facsimile: (216) 696-8731

18 |
19 | Counsel for Defendants
ASUS Computer International and
20 | ASUSTeK Computer Inc.

21 | **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
22 | **SAN FRANCISCO DIVISION**

23 |
HYBRID AUDIO, LLC | Case No. 3:17-cv-05947-JD
24 |
Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT**
25 |
v. |
26 | | **DEMAND FOR JURY TRIAL**
ASUS COMPUTER INTERNATIONAL AND
27 | ASUSTeK COMPUTER INC., |
Judge: Hon. James Donato
28 |

Defendants.

Plaintiff Hybrid Audio, LLC ("Hybrid Audio") and Defendants Asus Computer International and ASUSTeK Computer, Inc. (collectively, "Asus entities") hereby file this joint Case Management Statement.

**1.** **Jurisdiction and Service:** *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The basis for the Court's subject matter jurisdiction is Hybrid Audio's claims for patent infringement. No issues existing regarding venue exist, this action having been transferred from the District of Massachusetts to the Norther District of California, where Defendant Asus Computer International has a place of business. There are no issues as to personal jurisdiction, all parties have been served, and no other party remains to be served.

**2.** **Facts:** *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

On April 1, 2016, Plaintiff Hybrid Audio filed a Complaint before the United States District Court for the District of Massachusetts, alleging infringement of United States Reissue Patent No. 40,281 ("the RE'281 patent). Plaintiff has alleged as follows:

    a.    Hybrid Audio is the assignee of all rights, title, and interest in the RE'281 patent.

    b.    On January 5, 2011, Hybrid Audio sent notice of the RE'281 patent to the Asus entities including notice of their infringement of the RE'281 patent.

    c.    Certain of Defendants' products and services that are made, used, offered for sale, sold, or imported in the United States in the period between January 5, 2011 and September 21, 2012 (collectively, "Accused Products") practice certain standards for encoding and decoding audio data (collectively, "MP3 Standards").

2

Defendants have not answered the Complaint, and have filed a motion to dismiss the Complaint.

**3.     Legal Issues:** *A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Disputed legal issues include:

a. The proper construction of any disputed claim terms.

b. Validity of the RE'281 patent under 35 U.S.C. §§ 101, 102, 103, 112, and *Alice Corp. Pty. Ltd. v.. CLS Bank International*, 134 S. Ct. 2347 (2014).

c. Infringement of the RE'281 patent under 35 U.S.C. § 271.

d. Exclusion of Accused Products from liability under the patent exhaustion doctrine.

e. Hybrid Audio's compliance with its RAND obligations.

f. If liability is found, the amount of damages to which Hybrid Audio is entitled.

g. If liability is found, the extent, if any, to which Hybrid Audio is entitled to attorneys' fees and costs.

h. The extent, if any, to which the Asus entities are entitled to attorneys' fees and costs if liability is not found, for example, for Hybrid Audio's breach of RAND or for Hybrid Audio's assertion of claims that are invalid under 35 U.S.C. Section 101.

These issues are not intended to be final or exhaustive, and are intended to highlight the overarching issues in this case.

**4.     Motions:** *All prior and pending motions, their current status, and any anticipated motions.*

This case was transferred from the District of Massachusetts. Previous, pending, and anticipated motions include:

a. Hybrid Audio's unopposed motion to stay (Dkt. 11): Granted (Dkt. 12)

b. Hybrid Audio's motion to lift stay (Dkt. 17): Denied without prejudice pending Supreme Court decision in *In re TC Heartland LLC* (Dkt. 23)

c. Hybrid Audio's motions to transfer case to the Northern District of California (Dkt. 24, 25): Granted (Dkt. 27)

3

  d.  Asus Computer International's motion to dismiss (Dkt. 26): Denied (Dkt. 28)

  e.  Asus entities' motion to withdraw counsel (Dkt. 43): Granted (Dkt. 44)

  f.  Asus entities' motion to dismiss (Dkt. 49): Pending

  g.  Hybrid Audio's motion that the actions of the Asus entities confirm that they are unwilling licensees and negate Hybrid Audio's obligation to license the RE'281 patent on RAND terms: Anticipated

  g.  Asus entities' motion for summary adjudication re breach of RAND obligation: Anticipated

**5. Amendment of Pleadings:** *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

  Hybrid Audio does intend to amend its pleadings. The Asus entities filed a motion to dismiss on January 4, 2018 (Dkt. 49). To the extent that any amendment is necessary, the parties propose January 26, 2018 as the proposed deadline for amending the pleadings.

**6. Evidence Preservation:** A *brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

  The parties certify that they have reviewed the ESI Guidelines and have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures:** *Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

  Hybrid Audio served its initial disclosures on January 5, 2018. The Asus entities served their initial disclosures on January 4, 2018.

4

**8.     Discovery:** *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken yet. The scope of anticipated discovery may include documents, interrogatory responses, and depositions relating to the legal and factual issues identified above. The Asus entities anticipate that third party discovery may be needed from Hybrid Audio's predecessors-in-interest to the RE'281 patent, the named inventors of the RE'281 patent, other persons with involvement in the prosecution of the RE'281 patent, the Moving Pictures Expert Group, and licensees to the RE'281 patent.

The parties agree concerning certain discovery limitations as outlined below. Unless as otherwise agreed, the parties agree that the Federal Rules of Civil Procedure, as modified by any applicable Local Rules or standing orders of the Court, govern. For purposes of discovery, the Asus entities shall be considered to comprise one side.

**Interrogatories:** Each side may serve up to twenty-five (25) interrogatories to the other side.

**Fact Witness Depositions:** Consistent with this Court's Standing Order for Discovery in Civil Cases, each side may seek Fed. R. Civ. P. 30(b)(6) depositions from the other side on up to a total of 10 subject matters described with reasonable particularity. Each side shall be limited to no more than fifty (50) hours of deposition time for depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) or 30(a)(1), but no more than seven (7) hours for each person. Depositions of third parties shall be limited to seven (7) hours of deposition time, unless otherwise agreed.

**Expert Depositions:** Each side may depose each opposing testifying expert witness for up to seven (7) hours per report served by a particular expert witness. For the avoidance of doubt, an expert's opinions on infringement, validity, and damages shall be considered separate reports, regardless of whether they are included in a single document.

**Privilege Log:** Documents dating on or after the filing of the Complaint that are subject to a claim of attorney-client privilege, work product immunity, or other privilege or immunity do not need to be included in the parties' privilege logs.

**9.** **Class Actions:** *If a class action, a proposal for how and when the class will be certified.*

This action is not a class action.

**10.** **Related Cases:** *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Related pending cases include:

a. *Hybrid Audio , LLC v. Glassbridge Enterprises, Inc.*, Case No. 1:17-cv-10873-RWZ (D. Mass.), filed May 16, 2017

b. *Hybrid Audio , LLC v. Visual Land, Inc.*, Case No. 2:17-cv-08968-RSWL-AGR (C.D. Cal.), filed May 18, 2017

c. *Hybrid Audio, LLC v. Navico, Inc.*, Case No. 1:17-00960-GMS (D. Del.), filed July 17, 2017

d. *Hybrid Audio, LLC v. Sonos, Inc.*, Case No. 1:17-01462-GMS (D. Del.), filed October 17, 2017

e. *Hybrid Audio, LLC v. NVIDIA Corp.*, Case No. 1:17-01463-GMS (D. Del.), filed October 17, 2017

f. *Hybrid Audio , LLC v. DirecTV, LLC*, Case No. 2:17-cv-07645-SJO-AGR (C.D. Cal.), filed October 18, 2017

g. *Hybrid Audio, LLC v. Texas Instruments Inc.*, Case No. 1:17-cv-12561-RWZ (D. Mass.), filed December 27, 2017

**11.** **Relief:** *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Hybrid Audio is seeking the following relief;

- an adjudication that each Defendant has infringed the RE'281 patent;
- an award of damages to be paid by each Defendant adequate to compensate Hybrid Audio for each Defendant's past infringement of said patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;
- a declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and
- an award to Hybrid Audio of such further relief at law or in equity as the Court deems just and proper.

The Asus entities anticipate seeking the following relief;
- judgment declaring that Defendants have not individually or jointly, directly or indirectly, infringed, contributed to the infringement of, or induced the infringement of, either literally or under the doctrine of equivalents, any valid claim of the RE'281 patent;
- judgment declaring that the RE'281 patent is invalid, void, and unenforceable;
- judgment declaring that Hybrid Audio is in breach of its RAND obligations;
- judgment denying Hybrid Audio's request for damages, costs, expenses, pre-judgment interest, post-judgment interest, or any other relief
- judgment that Hybrid Audio shall not be entitled to any damages, enhanced damages, costs, expenses, attorneys' fees, pre-judgment interest, post-judgment interest, or any other relief;
- judgment that Hybrid Audio take nothing by this action; and
- judgment and order awarding the costs of suit, attorneys' fees, and any other relief this Court deems appropriate.

**12. Settlement and ADR:** *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

7

Hybrid Audio believes that settlement on reasonable terms is possible. Hybrid Audio has made settlement proposals to the Asus entities on the same terms as have been offered and accepted by more than fifty other licensees to the RE'281 patent. The Asus entities have rejected the offers. Hybrid Audio has not yet filed its certificate of ADR compliance but expect to file it shortly.

The Asus entities believe that a settlement on reasonable terms is possible, in view of the expiration of the RE'281 patent, the limited period for which damages are sought, and Hybrid Audio's obligation to license the RE'281 patent on RAND terms. The Asus entities have filed a certification of ADR compliance (Dkt.46).

The parties are amenable to mediation, per the stipulation approved by the Court (Dkt. 48).

**13. Consent to Magistrate Judge for All Purposes:** *Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

\_\_\_\_ YES     **X** NO

**14. Other References:** *Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not agree that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:** *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties do not anticipate any requests to bifurcate issues, claims, or defenses. The parties agree to confer in good faith after the discovery period as to summaries or stipulated facts that may expedite the presentation of evidence at trial.

**16. Expedited Trial Procedure:** *Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not agree that this case is amenable to an expedited trial procedure.

8

**17.    Scheduling:** *Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties propose the following schedule;

| Event | Date |
|---|---|
| CMC | Jan. 18, 2018 |
| Proposed ESI order and proposed PO | Feb. 1, 2018 (Thurs.) |
| Initial disclosures | N/A (already served) |
| PLR 3-1 and 3-2 infringement contentions | Feb. 1, 2018 (Thurs.) |
| PLR 3-3 and 3-4 invalidity contentions | Mar. 19, 2018 (Mon.) |
| PLR 4-1 exchange of terms for construction | Apr. 2, 2018 (Mon.) |
| PLR 4-2 exchange of proposed constructions | Apr. 23, 2018 (Mon.) |
| PLR 4-3 joint claim construction statement | May 18, 2018 (Fri.) |
| PLR 3-8 damages contentions | May 8, 2018 (Tues.) |
| PLR 3-9 responsive damages contentions | June 7, 2018 (Fri.) |
| PLR 4-4 completion of claim construction discovery | June 18, 2018 (Mon.) |
| PLR 4-5(a) opening CC brief | July 2, 2018 (Mon.) |
| PLR 4-5(b) responsive CC brief | July 16, 2018 (Mon.) |
| PLR 4-6 CC hearing and tutorial | Court's convenience |
| PLR 3-7 advice of counsel | 30 days after service of CC ruling |
| Last day to amend pleadings or add parties | June 25, 2018 (Mon.) |
| Close of fact discovery | Jan. 24 ,2019 (Thurs.) |
| Initial expert disclosure | Jan. 31, 2019 (Thurs.) |
| Rebuttal expert disclosure | Feb. 28, 2019 (Thurs.) |
| Close of expert discovery | Mar. 14, 2019 (Thurs.) |
| Last day to file MSJ and Daubert motions | Mar. 28, 2019 (Thurs.) |
| MSJ hearing (estimated) | May 2, 2019 (Thurs.) |
| Serve pretrial disclosures (witness list, deposition designation, exhibit list) | June 17, 2019 (Mon.) |
| Objections to pretrial | July 8, 2019 (Mon.) |

| | |
|---|---|
| disclosures | |
| Last day to serve motions in limine | July 22, 2019 (Mon.) |
| Responses to motions in limine | Aug. 5, 2019 (Mon.) |
| Meet and confer re joint pretrial materials | Aug. 19, 2019 (Mon.) |
| Pretrial materials (joint pretrial statement, trial brief, motions in limine, jury instructions and verdict form, voir dire questions, witness list, exhibit list) | Sept. 18, 2019 (Wed.) |
| Meet and confer re filing of deposition designations | Sept. 30, 2019 (Mon.) |
| Pretrial conference | Oct. 2, 2019 (Wed.) |
| Joint filing of deposition testimony or discovery for any reason other than impeachment or rebuttal and counter-designation or objection | Oct. 16, 2019 (Wed.) |
| Trial | Oct. 21, 2019 (Mon.) |

**18.** **Trial:** *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The parties request the case to be tried before a jury on all triable issues, and expect the length of trial to be 4-5 days.

**19.** **Disclosure of Non-party Interested Entities or Persons:** *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

| | |
|---|---|
| 1 | The parties have filed, or will shortly file, the "Certification of Interested Entities or |
| 2 | Persons" pursuant to Civil Local Rule 3-15.  The parties filed corporate disclosure statements prior |
| 3 | to transfer of this case from the District of Massachusetts to this Court. |
| 4 | Hybrid Audio identifies Glocom, Inc. as a person, firm, partnership, corporation, or other |
| 5 | entity (other than Hybrid Audio) known to have either: (i) a financial interest in the subject matter |
| 6 | in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be |
| 7 | substantially affected by the outcome of the proceeding. |
| 8 | With respect to the Asus entities, there is no person, firm, partnership, corporation, or other |
| 9 | entity (other than the Asus entities) known to have either: (i) a financial interest in the subject |
| 10 | matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be |
| 11 | substantially affected by the outcome of the proceeding. |

**20.     Professional Conduct:** *Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other:** *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service by email, and agree that the parties will treat service by email as being the same as service by hand under Fed. R. Civ. P. 5(b)(2)(A).

Dated:  January 11, 2018                                    Respectfully submitted,

                                                                                    */s/ Robert Kiddie*

                                                                                    Timothy Devlin (*pro hac vice*)
                                                                                    tdevlin@devlinlawfirm.com
                                                                                    Robert Kiddie (*pro hac vice*)
                                                                                    rkiddie@devlinlawfirm.com
                                                                                    1306 N,. Broom Street, Suite 1
                                                                                    Wilmington, DE 19806
                                                                                    Devlin Law Firm LLC

Telephone: (302) 449-9010
Facsimile: (302) 353-4251

Seth Wesley Wiener
sethwiener@yahoo.com
Law Offices of Seth W. Wiener
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607

*Attorneys for Plaintiff*
*Hybrid Audio, LLC*


/s/ Vinay V. Joshi
Vinay V. Joshi
vjoshi@thepatentattorneys.com
Anthony S. Kim
akim@thepatentattorneys.com
Amin Turocy & Watson LLP
160 West Santa Clara Street
Suite 975
San Jose, CA 95113
Telephone: (650) 618-6481
Facsimile: (216) 696-8731

*Attorneys for Defendants*
*ASUS Computer International and ASUSTeK Computer Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Vinay V. Joshi, attest that concurrence in the filing of this Joint Case Management Statement has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Vinay V. Joshi

**CERTIFICATE OF SERVICE**

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on this 11th day of January, 2018, with a copy of this email via the Court's CM/ECF system per Local Rule CV-5-1(h)(1).

                                      */s/ Vinay V. Joshi*
                                      Vinay V. Joshi