Vinay V. Joshi (Calif. Bar No. 213487)
vjoshi@thepatentattorneys.com
Anthony S. Kim (Calif. Bar No. 225703)
akim@thepatentattorneys.com
Amin Turocy & Watson LLP
160 West Santa Clara Street
Suite 975
San Jose CA 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

Counsel for Defendants
ASUS Computer International and
ASUSTeK Computer Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| HYBRID AUDIO, LLC<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ASUS COMPUTER INTERNATIONAL AND<br>ASUSTeK COMPUTER INC.,<br><br>　　　　　　Defendants. | Case No. 3:17-cv-05947-JD<br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. James Donato |

Defendants ASUS Computer International and ASUSTeK Computer Inc. (collectively, ASUS") hereby file their Answer, Defenses, and Counterclaims to Plaintiff Hybrid Audio, LLC's ("HAL" or "Plaintiff") Complaint for Patent Infringement ("Complaint"), filed April 1, 2016.

## ANSWER

Each of the paragraphs below corresponds to the same-numbered paragraphs of the Complaint. ASUS denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below.

### NATURE OF THE ACTION

1.      ASUS admits that this is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. § 1 *et seq.*  ASUS denies that it has committed patent infringement, denies the legal sufficiency of Plaintiff's claims and allegations, denies that Plaintiff has any viable claim thereunder, and denies that Plaintiff is entitled to recover any damages. Except as so admitted, ASUS denies each and every remaining allegation of this paragraph.

### THE PARTIES

2.      ASUS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and on that basis, denies them.

3.      ASUS admits that ASUS Computer International is a California corporation.  ASUS admits that CT Corporation System is a registered agent for service of process for ASUS Computer International.  Except as so admitted, ASUS denies each and every remaining allegation of this paragraph.

4.      ASUS admits that ASUSTeK Computer Inc. is a Taiwanese corporation with a principal place of business at No. 15, Li-Te Road, Beitou District, Taipei 112, Taiwan, R.O.C. Except as so admitted, ASUS denies each and every remaining allegation of this paragraph.

5.      ASUS admits that several of its products and services are sold in the United States. Except as so admitted, ASUS denies each and every remaining allegation of this paragraph.

6.      ASUS admits that this is an action for patent infringement arising under the Patent Laws of the United States, as set forth in Title 35 of the United States Code.  ASUS denies that it has committed patent infringement, denies the legal sufficiency of Plaintiff's claims and allegations, denies that Plaintiff has any viable claim thereunder, and denies that Plaintiff is entitled to recover

2

any damages. Except as so admitted, ASUS denies each and every remaining allegation of this paragraph.

7.      ASUS admits that, if Hybrid Audio has standing to assert United States Patent No. RE40,281, then this court would have subject matter jurisdiction under 28.U.S.C. §§ 1331 and 1338(a), but denies liability for patent infringement.

8.      ASUS admits that, if ASUS is a proper defendant, venue is legally permissible in this Court.  ASUS denies the remaining allegations of Paragraph 7, denies committing any act of patent infringement, and denies that Plaintiff is entitled to recover any damages or any form of relief.

9.      ASUS admits that is subject to personal jurisdiction in this Court.  Except as so admitted, ASUS denies each and every remaining allegation of this paragraph.

## BACKGROUND

10.     ASUS admits that United States Patent No. 6,252,909 ("the '909 patent") was issued by the United States Patent and Trademark Office on June 26, 2001, and is titled, "Multi-Carrier Transmission System Utilizing Channels of Different Bandwidth".  ASUS admits that the face of the'909 patent identifies Aware, Inc., of Bedford, MA, as the assignee.  ASUS admits that '909 patent issued from application no. 08/804,909, filed February 25, 1997, as a continuation-part of application no. 08/307,331, filed on September 16, 1994, which in turn claims priority to an application filed September 12, 1992.  ASUS admits that a purported copy of the '909 patent was attached as Exhibit 1 to the Complaint.  Except as so admitted, ASUS denies each and every remaining allegation of this paragraph.

11.     ASUS admits that United States Reissued Patent RE40,281 ("the RE'281 patent") issued from a reissue application claiming priority to the '909 patent.  ASUS admits that a purported copy of the RE'281 patent was attached as Exhibit 2 to the Complaint.  Except as so admitted, ASUS denies each and every remaining allegation of this paragraph.

12.     ASUS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and on that basis, denies them.

1    13.    ASUS admits that, on or about January 5, 2011, a letter identifying the RE'281

2  patent was sent to ASUS Computer International and ASUSTeK Computer Inc., purportedly from

3  counsel for a Texas entity named "Hybrid Audio LLC" ("HAL").  Except as so admitted, ASUS

4  denies each and every remaining allegation of this paragraph.

5    14.    ASUS is without knowledge or information sufficient to form a belief as to the truth

6  of the allegations set forth in Paragraph 14, and on that basis, denies them.

7    15.    ASUS admits that Ex Parte Rexamination Certificate No. US RE40,281 C1 ("reexam

8  certificate") issued December 1, 2015.  ASUS admits that a purported copy of the reexam certificate

9  was attached as Exhibit 3 to the Complaint.  Except as so admitted, ASUSTeK denies each and

10  every remaining allegation of this paragraph.

11    16.    ASUSTeK admits that the RE'281 patent is expired.   ASUSTeK is without

12  knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

13  Paragraph 16, and on that basis, denies them.

14    17.    ASUSTeK is without knowledge or information sufficient to form a belief as to the

15  truth of the allegations set forth in Paragraph 17, and on that basis, denies them.

16    18.    ASUSTeK is without knowledge or information sufficient to form a belief as to the

17  truth of the allegations set forth in Paragraph 18, and on that basis, denies them.

18    19.    ASUSTeK is without knowledge or information sufficient to form a belief as to the

19  truth of the allegations set forth in Paragraph 19, and on that basis, denies them.

20    20.    ASUSTeK is without knowledge or information sufficient to form a belief as to the

21  truth of the allegations set forth in Paragraph 20, and on that basis, denies them.

22    21.    ASUS is without knowledge or information sufficient to form a belief as to the truth

23  of the allegations set forth in Paragraph 21, and on that basis, denies them.

24    22.    ASUS admits that a purported copy of a document entitled "Annex H (informative)

25  List of patent holders" was attached as Exhibit 4 to the Complaint.  Except as so admitted, ASUS

26  denies each and every remaining allegation of this paragraph.

27

28

4

23.     ASUS admits that it was furnished a courtesy copy of this Complaint in advance of service.   Except as so admitted, ASUS denies each and every remaining allegation of this paragraph.

24.     ASUS admits that certain of its products are compliant with certain audio coding standards ("MP3 Standards") approved by the Moving Pictures Expert Group.   Except as so admitted, ASUS denies each and every remaining allegation of this paragraph.

25.     Denied.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. RE 40,281

26.     ASUS restates and incorporates by reference Paragraphs 1-25 as if fully set forth herein.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     ASUS is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, and on that basis, denies them.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

5

1   43.   Denied.

2   44.   Denied.

3   45.   Denied.

4   46.   Denied.

5   47.   Denied.

6   48.   Denied.

7   49.   Denied.

8   50.   Denied.

9   51.   Denied.

10   52.   Denied.

11   53.   Denied.

12   54.   Denied.

13   55.   Denied.

14   56.   Denied.

15   57.   Denied.

16   58.   Denied.

17   59.   Denied.

18   60.   Denied.

19   61.   Denied.

20   62.   Denied.

21   63.   Denied.

22   64.   Denied.

23   65.   Denied.

24   66.   Denied.

25   67.   Denied.

26   68.   Denied.

27   69.   Denied.

28

6

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

151.   Denied.

152.   Denied.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

11

| | | |
|---|---|---|
| 1 | 205. | Denied. |
| 2 | 206. | Denied. |
| 3 | 207. | Denied. |
| 4 | 208. | Denied. |
| 5 | 209. | Denied. |
| 6 | 210. | Denied. |
| 7 | 211. | Denied. |
| 8 | 212. | Denied. |
| 9 | 213. | Denied. |
| 10 | 214. | Denied. |
| 11 | 215. | Denied. |
| 12 | 216. | Denied. |
| 13 | 217. | Denied. |
| 14 | 218. | Denied. |
| 15 | 219. | Denied. |
| 16 | 220. | Denied. |
| 17 | 221. | Denied. |
| 18 | 222. | Denied. |
| 19 | 223. | Denied. |
| 20 | 224. | Denied. |
| 21 | 225. | Denied. |
| 22 | 226. | Denied. |
| 23 | 227. | Denied. |
| 24 | 228. | Denied. |
| 25 | 229. | Denied. |
| 26 | 230. | Denied. |
| 27 | 231. | Denied. |
| 28 | | |

1    232.    Denied.

2    233.    Denied.

3    234.    Denied.

4    235.    Denied.

5    236.    Denied.

6    237.    Denied.

7    238.    Denied.

8    239.    Denied.

9    240.    ASUS admits that several of its products and services are used, marketed, and/or

10   provided to persons and/or entities in the United States.  Except as so admitted, ASUS denies each

11   and every remaining allegation of this paragraph.

12   241.    Denied.

13   242.    Denied.

14   243.    Denied

15   244.    Denied.

16   245.    Denied.

17   246.    Denied.

18                                **DEMAND FOR JURY TRIAL**

19   247.    The allegations contained in HAL's demand for jury trial are not factual allegations

20   that call for a response from ASUS.

21                                **PRAYER FOR RELIEF**

22   248.    With regards to subparagraphs (A)-(D) of HAL's prayer for relief, ASUS response

23   that the Complaint is unfounded and the relief requested by Plaintiff should be denied in its entirety.

24   ASUS denies that Plaintiff is entitled to any of the relief sought in its Prayer for Relief or any other

25   Relief.

26

27

28

13

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging it bears the burden of proof as to any of them, ASUS asserts the following affirmative defenses:

249.   ASUS restates and incorporates by reference Paragraphs 1-248 as if fully set forth herein.

250.   The Complaint fails to state a claim upon which relief may be granted and/or fails to plead the allegations with sufficient particularity.

251.   ASUS has not individually or jointly, directly or indirectly, infringed, contributed to the infringement of, or induced the infringement of any valid claim of the RE'281 patent.

252.   The asserted claims of the RE'481 patent are invalid and/or void because they are anticipated and/or rendered obvious by the prior art, or otherwise fail to comply with the requirements of 35 U.S.C. § 100 *et seq.*, including one or more of the following: 35 U.S.C. §§ 101, 102, 103, and 112.

253.   HAL's claims for damages, if any, are limited to the extent that the time limitation of 35 U.S.C. § 286 has expired, and to the extent that HAL or its predecessors-in-interest have failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287.

254.   ASUS has engaged in all relevant activities in good faith, thereby precluding HAL, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

255.   By reason of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office during prosecution of the application that led to the issuance of the RE'281 patent and/or related patents, none of the claims of the RE'281 patent can be property construed as covering any activity of ASUS.

256.   Upon information and belief, HAL's claims are barred in whole or in part by the equitable doctrines of laches, unclean hands, estoppel, implied license, waiver, acquiescence and/or other equitable doctrines.

257.    HAL's purported damages and other requested relief resulting from the alleged infringement of the RE'281 patent in conjunction with the actions of other parties, which ASUS specifically denies, are barred to the extent that those parties are licensed to practice the claims of the RE'281 patent and/or released from past claims of infringement of the claims of the RE'281 patent.

258.    Upon information and belief, HAL's purported damages are limited to a fair, reasonable, and non-discriminatory rate.

259.    ASUS reserves all affirmative defenses available under Federal Rule of Civil Procedure 8(c), and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this litigation.

## COUNTERCLAIMS

For its counterclaims against HAL, ASUS alleges as follows:

260.    ASUS restates and incorporates by reference Paragraphs 1-259 as if fully set forth herein.

261.    This is an action for Declaratory Relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201.  HAL has assented to personal jurisdiction and to venue in this District in view of HAL's motion to transfer its patent infringement action to this District from the District of Massachusetts.  (ECF Nos. 24, 25.)

262.    ASUSTeK Computer Inc. is a Taiwanese corporation with a principal place of business at No. 15, Li-Te Road, Beitou District, Taipei 112, Taiwan, R.O.C.

263.    ASUS Computer International is a California corporation with a principal place of business at 48720 Kato Road, Fremont, California 94538.

264.    Upon information and belief, Hybrid Audio LLC is a Virginia limited liability corporation with its principal place of business at 4041 University Drive, Suite 102, Fairfax, Virginia 22030.

265.    By its Complaint, HAL purports to assert claims against ASUS for infringement of the now-expired RE'281 patent.

266.    ASUS contends that the asserted claims of the RE'281 patent are invalid and unenforceable against it.

267.    An actual controversy has arisen and now exists between ASUS and HAL as to the non-infringement, invalidity, and/or unenforceability of the RE'281 patent.

## COUNT I – DECLARATION OF NON-INFRINGEMENT OF THE RE'281 PATENT

268.    ASUS restates and incorporates by reference Paragraphs 1-267 as if fully set forth herein.

269.    HAL claims that it owns by assignment the entire right, title, and interest in the RE'281 patent.  HAL claims that it has standing to sue for infringement of the RE'281 patent.

270.    HAL has alleged that ASUS has infringed or is infringing the RE'281 patent.

271.    ASUS denies that any products sold, offered for sale, made, and/or used by ASUSTeK infringe any valid claim of the RE'281 patent.

272.    ASUS seeks and is entitled to a declaration that it does not directly or indirectly, individually or jointly, infringe, contribute to the infringement of, or induce the infringement of any valid claim of the RE'281 patent.

## COUNT II – DECLARATION OF INVALIDITY OF THE RE'281 PATENT

273.    ASUS restates and incorporates by reference Paragraphs 1-272 as if fully set forth herein.

274.    ASUS asserts that the claims of the RE'281 patent are invalid and/or unenforceable pursuant to one or more of the provisions of Title 25 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to satisfy the written description requirement and/or lack of enablement).

275.    ASUS is entitled to a declaration that the claims of the RE'281 patent are invalid and/or unenforceable pursuant to one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

1
2

**COUNT III – DECLARATION OF PATENT LICENSE AND/OR EXHAUSTION OF THE**

**RE'281 PATENT**

3          276.    ASUS restates and incorporates by reference Paragraphs 1-275 as if fully set forth
4    herein.

5          277.    On information and belief, the accused functionality in the products identified by
6    HAL in the Complaint is resident on software and/or hardware supplied by third parties who are
7    licensed to practice the claims of the RE'281 patent and/or released from past claims of
8    infringement of the claims of the RE'281 patent.

9          278.    ASUS is entitled to a declaration that HAL's patent infringement claims with respect
10   to the RE'281 patent are subject to license and/or exhausted, to the extent that HAL's claims are
11   directed to software and/or hardware supplied by licensed third parties.

12                            **ASUS'S DEMAND FOR JURY TRIAL**

13         ASUS requests a trial by jury of all issues so triable in this Action.

14                            **ASUS'S PRAYER FOR RELIEF**

15         WHEREFORE, ASUS prays for the following relief:

16         A.      Judgment declaring that ASUS has not individually or jointly, directly or indirectly,
17   infringed, contributed to the infringement of, either literally or under the doctrine of equivalents,
18   any valid claim of the RE'281 patent;

19         B.      Judgment declaring that the RE'281 patent is invalid, void,, and unenforceable;

20         C.      Denial of HAL's request for judgment requiring ASUS to pay Plaintiff's damages,
21   costs, expenses, and pre-judgment and post-judgment interest;

22         D.      Judgment that HAL shall not be entitled to any damages, enhanced damages, costs,
23   expenses, attorneys' fees, pre-judgment interest, or post-judgment interest from ASUS;

24         E.      Judgment that HAL shall take nothing by this action; and

25         F.      Judgment and order awarding the costs of suit, attorneys' fees, and any other relief
26   this Court deems just and proper to ASUS.

27

28

1

2  Dated:  July 25, 2019

3                                                          */s/Vinay V. Joshi*
                                                          Vinay V. Joshi
4                                                          vjoshi@thepatentattorneys.com
                                                          Anthony S. Kim
5                                                          akim@thepatentattorneys.com
                                                          Amin Turocy & Watson LLP
6                                                          160 West Santa Clara Street
                                                          Suite 975
7                                                          San Jose CA 95113
                                                          Telephone: (650) 618-6481
8                                                          Facsimile:  (216) 696-8731

9

10                                                         ***Attorneys for Defendants***
                                                          ***ASUS Computer International and ASUSTeK***
11                                                         ***Computer Inc.***

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2

3

4

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on this 25th day of July, 2019, with a copy of this email via the Court's CM/ECF system per Local Rule CV 5-1(h)(1).

5

6

                         */s/Vinay V. Joshi*
                         Vinay V. Joshi

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28