Robert Kiddie(*pro hac vice*)
rkiddie@devlinlawfirm.com
Timothy Devlin (*pro hac vice*)
tdevlin@devlinlawfirm.com
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

Seth Wesley Wiener (CSBN 203747)
seth@sethwienerlaw.com
Law Offices of Seth W. Wiener
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607

Counsel for Plaintiff
Hybrid Audio, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HYBRID AUDIO, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ASUS COMPUTER INTERNATIONAL AND ASUSTeK COMPUTER INC.,<br><br>Defendant. | Case No. 3:17-cv-05947-JD<br><br>**PLAINTIFF HYBRID AUDIO, LLC'S ANSWERS TO DEFENDANTS' COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>District Judge: Hon. James Donato |

Plaintiff Hybrid Audio, LLC (hereinafter "HAL" or "Plaintiff") hereby files its Answer to Defendants ASUS Computer International and ASUSTeK Computer Inc. (collectively, "ASUS" or "Defendants") Answer and Counterclaims (Dkt. 72).

## ANSWER

Each of the paragraphs below corresponds to the same-numbered paragraphs of the Answer and Counterclaims. Hybrid Audio denies all allegations in Answer and Counterclaims, whether express or implied, that are not specifically admitted below.

## COUNTERCLAIMS

260. HAL restates and incorporates by reference its allegations in Paragraphs 1-248 of its Complaint for Patent Infringement (Dkt. 1) as if fully set forth herein.

261. Admitted.

262. HAL is without sufficient knowledge or information to admit or deny the allegations of Paragraph 262, and on that basis denies those allegations.

263. HAL is without sufficient knowledge or information to admit or deny the allegations of Paragraph 263, and on that basis denies those allegations.

264. Admitted.

265. HAL admits that it asserts claims against ASUS for infringement of the RE'281 patent. HAL denies the remaining allegations, averments, and conclusions of law in Paragraph 265.

266. HAL admits that ASUS purports to contend that the asserted claims of the RE'281 patent are invalid and unenforceable against ASUS. HAL denies that the asserted claims of the RE'281 patent are invalid or unenforceable.

267. Admitted.

## COUNT I – DECLARATION OF NON-INFRINGMENT OF THE RE'281 PATENT

268. HAL incorporates by reference Paragraphs 260-267 as if fully set forth herein.

269. Admitted.

270. Admitted.

271. HAL admits that ASUS purports to deny that any products sold, offered for sale, made, and/or used by ASUSTeK infringe any valid claim of the RE'281 patent. HAL denies the remaining allegations, averments, and conclusion of law in Paragraph 271.

272. HAL admits that ASUS seeks a declaration that it does not directly or indirectly, individually or jointly, infringe, contribute to the infringement of, or induce the infringement of any valid claim of the RE'281 patent. HAL denies that ASUS is entitled to any such declaration and specifically denies that ASUS does not directly or indirectly, individually or jointly, infringe, contribute to the infringement of, or induce the infringement of any valid claim of the RE'281 patent.

**COUNT II – DECLARATION OF INVALIDITY OF THE RE'281 PATENT**

273. HAL restates and incorporates by reference Paragraphs 260-272 as if fully set forth herein.

274. HAL admits that ASUS purports to assert that the claims of the RE'281 patent are invalid and/or unenforceable pursuant to one or more of the provisions of Title 25 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to satisfy the written description requirement and/or lack of enablement). HAL specifically denies that the claims of the RE'281 patent are invalid and/or unenforceable pursuant to one or more of the provisions of Title 25 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to satisfy the written description requirement and/or lack of enablement).

275. Denied.

**COUNT III – DECLARATION OF PATENT LICENSE AND/OR EXHAUSTION OF THE RE'281 PATENT**

276. HAL restates and incorporates by reference Paragraphs 260-275 as if fully set forth herein.

277. Denied.

278. Denied.

**ASUS'S DEMAND FOR JURY TRIAL**

279. This Paragraph 279 contains a statement to which no response is required. To the extend that a response is required, HAL admits that ASUS demands a trial by jury on all issues so triable in this Action.

**ASUS'S PRAYER FOR RELIEF**

280. HAL denies any and all remaining allegations not specifically admitted and denies that ASUS is entitled to the relief requested in Paragraphs A through F of its Prayer for Relief, or to any relief at all. To the extent that any statement in ASUS's Prayer for Relief is considered to contain factual allegations to which a response is required, HAL denies each and every such allegation. HAL denies ech and every allegation of non-infringement, invalidity, or patent license and/or exhaustion as alleged in ASUS's counterclaims.

**AFFIRMATIVE DEFENSES**

In response to ASUS's Answer and Counterclaims, HAL asserts the following affirmative defenses. HAL reserves the right to assert additional affirmative defenses as they become known through discovery.

**FIRST AFFIRMATIVE DEFENSE**

ASUS's Counterclaims fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

HAL reserves the right to assert any other legal or equitable defense to which it is entitled.

Accordingly, ASUS's Counterclaims should be

**PRAYER FOR RELIEF**

WHEREFORE, HAL respectfully requests the following relief:

A. The dismissal with prejudice of all of ASUS's Counterclaims asserted against HAL;

B. The entry of judgment that ASUS has willfully infringed, induced infringement, and/or contributed to the infringement of, either literally or under the doctrine of equivalents, the asserted claims of the RE'281 patent;

C. The entry of judgment finding that the RE'281 patent is valid and enforceable under applicable law;

D. An award of damages to be paid by ASUS adequate to compensate HAL for ASUS's past infringement of the RE'281 patent including interest, cost, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

E. The entry of judgment that this is an exceptional case under 35 U.S.C. § 285, and awarding HAL its attorneys' fees in this case; and

F. An award of such further relief at law or in equity as the Court deems just and proper.

Respectfully submitted,

Dated: August 15, 2019

DEVLIN LAW FIRM LLC

By: */s/ Robert Kiddie*

Robert Kiddie(*pro hac vice*)
rkiddie@devlinlawfirm.com
Timothy Devlin (*pro hac vice*)
tdevlin@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

Seth Wesley Wiener
sethwiener@yahoo.com
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607

Counsel for Plaintiff
Hybrid Audio, LLC

* Filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on this 15th day of August, 2019, via the Court's CM/ECF system per Local Rule CV-5-1(h)(1)

*/s/ Robert Kiddie*
Robert Kiddie