UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYBRID AUDIO, LLC, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>ASUS COMPUTER INTERNATIONAL INC, et al., <br><br>　　　　Defendants. | Case No. 3:17-cv-05947-JD <br><br>**ORDER RE SUMMARY JUDGMENT** |

Defendant Asus Computer International, Inc. (Asus) asks for summary judgment against Hybrid Audio, LLC (Hybrid) on the ground that Asus had a sublicense to U.S. Reissue Patent No. RE40,281 (the '281) patent. Dkt. No. 129 (redacted motion); Dkt. No. 104-3 (unredacted motion)[1]; Dkt. No. 1-2 (patent).

Asus presents the license defense as a straightforward matter of contract interpretation, but the question is more complicated than that. The parties agree that an exceptions clause in the license states that Asus is not deemed to be a licensee if Hybrid alleges infringement claims based solely on the Android operating system. *See* Dkt. No. 104-3 at 8 (Asus brief and exhibits); Dkt. No. 1093-3 at ECF 15 (Hybrid brief). As a result, there isn't much in the way of contract interpretation for the Court to do.

The real issue is whether the exception applies in light of Asus's product implementations. Hybrid says it is suing solely for infringement of the Android operating system. *See* Dkt. No. 109-3 at ECF 12-13. Asus says that because its use of the Android software necessarily entails

---

[1] Although the Court wholeheartedly embraces the principle that the business of the federal courts is presumptively conducted in the open, *see In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021), it granted sealing motions for the briefs because of the highly sensitive contracts. Dkt. No. 123. The citations throughout are to the sealed briefs.

1  implementation on hardware, it is not possible for Hybrid to allege an infringement claim without
2  implicating the hardware. Dkt. No. 104-3 at ECF 23.

These are questions well outside the interpretation of a contract. Claim construction and other factual proceedings will be needed to determine whether an Android-only claim is viable, and if so, whether Asus may be entitled to a license defense. Consequently, summary judgment on the license defense is denied, without prejudice to renewal as developments permit.

To set the stage for further consideration of the issue as the record may warrant, here are the salient and undisputed facts about the contract. Hybrid licensed the '281 patent, among others, to RPX Corp. on May 17, 2017. *See* Dkt. No. 104-3 at ECF 46. Section 1.2(a) of the license gave RPX the right to grant sublicenses. *Id*. at ECF 36-37. The license also granted RPX the right to release sublicensees "from all claims for damages for past, present and future infringement of the Patents." *Id*. at ECF 37. The license is governed by California law.

A "Licensed Product and Service" is defined in the license as "any past, present or future product, service, software, technology, or material . . . made, have made, used, purchased, provided, hosted, sold, leased, licensed, distributed, transmitted, exported, imported, or offered for sale, lease, or import by or on behalf of an RPX Licensee or an RPX Affiliate . . . of which product, service, software, technology, or material alone or in combination with other products, software, technology, materials and services would result in infringement (direct, indirect, or otherwise) of one or more Patents . . . . Licensed Product and Service will include any Combined Licensed Product and Service." *Id*. at ECF 34. "Combined Licensed Product and Service" is defined as "any past, present, or future combination or use, whether by an RPX Licensee, or a third party, of a Licensed Product and Service with any other product, service, technology, or material, only if a portion of such Licensed Product and Service provided by or on behalf of an RPX Licensee or an RPX Licensee Affiliate satisfies, in whole, or in part, a material element or step of a claim in any Patent." *Id*.

An exceptions clause in the license states that, "[n]otwithstanding anything to the contrary in this Agreement, the license rights granted under this Agreement shall not apply to the sale of any device (i) by an Entity that is not an RPX Licensee and (ii) that is sold solely under such

1   Entity's brand name, provided that Licensor does not allege that any Licensed Product and
2   Service, other than the Android operating system, satisfies, in whole or in part, a material element
3   or step of a claim in any Patent." *Id*. at ECF 38.

4   Asus says that it is a beneficiary of the RPX license by virtue of its dealings with Google.
5   Google uses the '281 patent in its Android operating system pursuant to a sublicense from RPX
6   that it obtained in February 2018. *Id*. at ECF 76, 84. Google provides Android to Asus, and many
7   other companies, for use in desktops, laptops, tablets, and similar devices. Asus asserts that it is a
8   customer of Google within Section 1.2(c) of the contract, evidenced by Goolge's provision to
9   Asus of a letter between RPX and Google about the RPX license, which authorized Google to
10  share the letter with Google's customers. *Id*. at ECF 77. Section 1.2(c) of the RPX license gives
11  Google the right, as an RPX Licensee, to sublicense the '281 patent to its customers. *Id*. at ECF
12  38. All of the accused Asus products incorporate Android, and so, Hybrid says, practice the '281
13  patent. Dkt. No. 1 at ¶ 33.

14  Under the plain language of the RPX license, three requirements must be met for Section
15  1.2(d) to apply and preclude the grant of a sublicense for a given device: (1) the device is sold by
16  an entity that is not an RPX Licensee, (2) the device is sold solely under that entity's brand name,
17  and (3) Hybrid alleges only that the Android operating system in the device, and no other
18  components, satisfy a material element of the '281 patent. *Id*. If Hybrid alleges that anything
19  more than the Android operating system in a Licensed Product or Service infringes the patent,
20  then Section 1.2(d) does not apply and Asus would have a valid license to the '281 patent. Asus
21  agrees that it is not an RPX Licensee, and that it sells the accused products solely under its own
22  brand name. Dkt. No. 104-3 at ECF 22-23.

23  Consequently, the parties' dispute is whether Hybrid alleges that a licensed product, other
24  than just the Android operating system, infringes the '281 patent. Asus contends that all of its
25  products are Combined License Products and Services as defined in the license. Dkt. No. 104-3 at
26  ECF 13. In addition, because the definition of Licensed Product and Service states that "Licensed
27  Product and Service will include any Combined Licensed Product and Service," *Id*. at ECF 38,
28  Asus says its devices are also Licensed Products and Services. *Id*. at ECF 13. Asus adds that its

devices consist of hardware combined with Android software, and so Hybrid is necessarily accusing it of infringement beyond use of Android.

Hybrid says not so, and that it has sued Asus only for use of Android itself, irrespective of hardware. Dkt. No. 109-3 at ECF 12-13. Section 1.2(d) applies if Hybrid accuses solely the Android operating system of infringement. Dkt. No. 104-3. at ECF 38. Because Hybrid says that it alleges only Android in the Asus products infringes the '281 patent, Hybrid contends that no license exists for Asus's products.

That is the stopping point for the summary judgment motion. From this point on, the question is one of facts and evidence about Asus's implementation of Android. It bears noting Asus did not present in its motion any evidence indicating that Hybrid's infringement claims are directed at anything other than the use of Android. Asus itself cited a letter from Hybrid, which states that "Hybrid Audio is not alleging that anything other than the Android operating system satisfies a material element or step in the asserted claims of the '281 patent." Dkt. No. 104-3. at ECF 84. If Asus would like the Court to consider the license defense down the line, it should be prepared to present evidence supporting its hardware implementation claim. For its part, Hybrid is now bound by the representation that it accuses only the use of Android as infringing the '281 patent.

**IT IS SO ORDERED.**

Dated: July 7, 2022

JAMES DONATO
United States District Judge

4